UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONNA MARIA JELENIC,                  )  Case No. CV 15-5748 JLS (FFM)
                                      )
                    Petitioner,       )  ORDER SUMMARILY DISMISSING
                                      )  PETITION FOR WRIT OF HABEAS
        v.                            )  CORPUS FOR LACK OF SUBJECT
                                      )  MATTER JURISDICTION;
WARDEN KIMBERLY HUGHES,               )
                                      )  REFERRING THE PETITION TO THE U.S.
                    Respondent.       )  COURT OF APPEALS PURSUANT TO
                                      )  NINTH CIRCUIT RULE 22-3(A);
                                         
                                         DENYING A CERTIFICATE OF
                                         APPEALABILITY

DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE

On or about July 26, 2015, petitioner Donna Maria Jelenic ("Petitioner")
constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody
("Petition").[1]  Petitioner challenges a sentence imposed by the Los Angeles County
Superior Court in 1984.

---

[1]  A *pro se* prisoner's relevant filings may be construed as filed on the date they
were submitted to prison authorities for mailing, under the prison "mailbox rule" of
*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988).  In this case, Petitioner has
not attached a proof of service to the Petition.  However, the Petition is dated July
28, 2015; it is stamped "Lodged Clerk, U.S. District Court" on July 27, 2015; and
the "Priority Mail" envelope containing the Petition bears a notation of "Expected
Delivery Day" of July 27, 2015.  Thus, the Court concludes that the Petition was
submitted for mailing on or about July 26, 2015.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner filed in this Court on or about May 7, 1991, Case No. CV 91-2483 JGD (JG). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in the Los Angeles County Superior Court that is challenged herein. On October 9, 1992, Judgment was entered in Case No. CV 91-2483 JGD (JG) denying the Prior Petition on the merits and dismissing the action with prejudice.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

///

1    constitutional error, no reasonable factfinder would have found

2    the applicant guilty of the underlying offense.

3    (3)(A) Before a second or successive application permitted by this section is

4    filed in the district court, the applicant shall move in the appropriate court of

5    appeals for an order authorizing the district court to consider the

6    application."

7    Therefore, because the Petition now pending challenges the same conviction as

8    Petitioner's prior habeas petition in Case No. CV 91-2483 JGD (JD), it constitutes a

9    second and/or successive petition within the meaning of 28 U.S.C. § 2244(b).  To the

10   extent Petitioner seeks to pursue the same claims she previously asserted, the Petition is

11   barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the extent Petitioner seeks to

12   pursue claims not previously asserted, it was incumbent on her under § 2244(b)(3)(A) to

13   secure an order from the Ninth Circuit authorizing the District Court to consider the

14   Petition, prior to her filing of it in this Court.  Petitioner's failure to secure such an order

15   from the Ninth Circuit deprives the Court of subject matter jurisdiction.

16

17   <u>"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT</u>

18   Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive

19   petition or motion, or an application for authorization to file such a petition or motion, is

20   mistakenly submitted to the district court, the district court shall refer it to the court of

21   appeals."

22   Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the

23   Petition must be referred to the court of appeals.  However, it is unclear whether the

24   district court may both "refer" the Petition to the Ninth Circuit and, at the same time,

25   dismiss the Petition.  After reviewing numerous district court cases in this circuit, this

26   Court concludes that simultaneous referral and dismissal is appropriate.  *See Cielto v.*

27   *Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

28   / / /

1    <u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>

2    Rule 11(a) of the Rules Governing § 2254 Actions provides:

3        (a) Certificate of Appealability.  The district court must issue or

4        deny a certificate of appealability when it enters a final order

5        adverse to the applicant.  Before entering the final order, the

6        court may direct the parties to submit arguments on whether a

7        certificate should issue.  If the court issues a certificate, the

8        court must state the specific issue or issues that satisfy the

9        showing required by 28 U.S.C. § 2253(c)(2).  If the court denies

10       a certificate, the parties may not appeal the denial but may seek

11       a certificate from the court of appeals under Federal

12       Rule of Appellate Procedure 22.  A motion to reconsider a

13       denial does not extend the time to appeal.

14   Here, given the Court's ruling on settled legal issues, the Court does not require

15   any arguments from the parties on whether a certificate of appealability ("COA") should

16   issue.

17   Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a

18   substantial showing of the denial of a constitutional right."  Here, the Court dismissed the

19   Petition on the ground that it was a second or successive petition.  Thus, the Court's

20   determination of whether a COA should issue is governed by the Supreme Court's

21   decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000),

22   where the Supreme Court held that, "[w]hen the district court denies a habeas petition on

23   procedural grounds without reaching the prisoner's underlying constitutional claim, a

24   COA should issue when the prisoner shows, at least, that jurists of reason would find it

25   debatable whether the petition states a valid claim of the denial of a constitutional right

26   and that jurists of reason would find it debatable whether the district court was correct in

27   its procedural ruling."  529 U.S. at 484.  As the Supreme Court further explained:

28   / / /

4

Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.


ORDER

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.  The Clerk of Court shall send a copy of the habeas Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

This action is then dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

/ / /

/ / /

/ / /

/ / /

/ / /

1    LET JUDGMENT BE ENTERED ACCORDINGLY.

2    A Certificate of Appealability is DENIED.  This is a final order, but it will not be

3 appealable unless Petitioner obtains a certificate of appealability from the U.S. Court of

4 Appeals.[2]

5    As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

6

7 DATED: August 26, 2015

8                                          _____

9                                          JOSEPHINE L. STATON
                                           United States District Judge

10

11 Presented by:

12

13  /S/ FREDERICK F. MUMM
      FREDERICK F. MUMM

14 United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27    [2]  *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. §

28 2253(c)(1)(B)), *see also* Fed. R. App. P. 22(b)(1).